UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOUIS SAUNDERS, JR.,

              Plaintiff,

-against-                     **MEMORANDUM & ORDER**
                                          23-CV-8731 (LDH) (TAM)

OLATOKUNBO (TOKS) SOFOLA, Esq.,

              Defendant.
-----------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Louis Saunders, Jr., appearing *pro se*, filed this complaint on November 17, 2023, against his former attorney, Olatokunbo (Toks) Sofola, pursuant to 42 U.S.C. § 1983. The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). As set forth below, the complaint is dismissed.

## BACKGROUND

This action arises from Plaintiff's proceedings in Queens County Family Court. Plaintiff alleges that Defendant Sofola failed to adequately represent him in a Queens County Family Court proceeding. (*See* Compl. at 3–4, ECF No. 1.) He seeks unspecified damages and that Defendant be disbarred from practicing law. (*Id.* at 5.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility"

1

of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id.* (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding *pro se*, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the *pro se* plaintiff alleges that [their] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Nonetheless, a district court may dismiss a *pro se* action *sua sponte*, even if the plaintiff has paid the Court's filing fee, if it determines that the action is frivolous or that the Court lacks subject matter jurisdiction. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (affirming *sua sponte* dismissal of frivolous *pro se* complaint where *pro se* plaintiff had paid the required filing fee). An action is frivolous when "either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v.*

2

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). A finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## DISCUSSION

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. This section provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). It is well established that attorneys do not act under color of state law when they perform traditional functions of counsel. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) ("[A] court appointed criminal defense attorney does not act under color of state law when representing a client" (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir.

3

1997)); *Pecou v. Hirschfeld*, No. 07-CV-5449, 2008 WL 957919, at *2 (E.D.N.Y. Apr. 3, 2008) ("Court-appointed attorneys do not act under color of state law merely by virtue of their appointment." (citing *Polk Cty.*, 454 U.S. at 325)). Because Plaintiff's claims against Defendant Sofola relate to her function as counsel for Plaintiff, Defendant Sofola did not act under the color of state law. Therefore, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Despite Plaintiff's *pro se* status, the Court declines to grant leave to amend as it finds that amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile).

In light of Plaintiff's litigation history,[1] Plaintiff is cautioned that this Court will not tolerate abuse of its judicial resources and that he may be subject to a filing injunction barring Plaintiff from filing new actions seeking *in forma pauperis* status without prior leave of this Court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Plaintiff also filed three other actions at the same time. *See Saunders v. Legal Aid Society*, No. 23-cv-8732 (LDH) (TAM); *Saunders v. New York State Supreme Court*, No. 23-cv-8733 (LDH) (TAM) and *Saunders v. District Attorney*, No. 23-cv-8734 (LDH) (TAM). Each of these actions have been determined to be without merit and will be dismissed by the Court by orders dated April 11, 2025. In addition, Plaintiff previously filed four other actions: *Saunders v. McFarlane*, No. 23-cv-7097 (LDH) (TAM) (filed Sept. 14, 2023); *Saunders v. Bua*, No. 23-cv-7098 (LDH) (TAM) (same): *Saunders v. Queens Family Courthouse*, No. 23-cv-7099 (LDH) (TAM) (same)*; Saunders v. Center for Family Representation*, No. 23-cv-8921 (LDH) (TAM) (filed Nov. 29, 2023). These cases have also been determined to be without merit and have been dismissed by the Court.

The Clerk of Court is directed enter judgment, close the case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

                                                           /s/LDH  
                                            LaShann DeArcy Hall  
                                            United States District Judge

Dated: April 11, 2025  
       Brooklyn, New York